**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 21-cv-20061-KMM/LOUIS

Abel Diaz, as the Personal
Representative of the Estate of
Guillermo Diaz Urquiza, deceased

Plaintiff,

v.

Medtronic MiniMed, Inc., MiniMed
Distribution Corp., Medtronic USA, Inc.,
& Becton Dickinson and Co.

Defendants.
_____/

**STIPULATED PROTECTIVE ORDER**

This cause comes before the Court on the Parties' Joint Motion for Approval of

Stipulated Protective Order (ECF No. 21). The Motion shows good cause for the Court's entry

of the Protective Order and accordingly the Motion is GRANTED and the Parties' Stipulation is

adopted, as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this

action, Plaintiff Abel Diaz, as the Personal Representative of the Estate of Guillermo Diaz

Urquiza ("Plaintiff"), Defendants Medtronic MiniMed, Inc., MiniMed Distribution Corp., and

Medtronic USA, Inc. (collectively, "Medtronic"), and Defendant Becton, Dickinson and

Company ("BD") and their undersigned counsel, as follows:

**A.    "CONFIDENTIAL" MATERIALS**

    1.    All materials and copies, transcriptions, or other reproductions of mate

2.       rials (hereinafter "The Materials") produced in this action pursuant to the discovery provisions of the Federal Rules of Civil Procedure, or by order of this Court, or otherwise, and which the producing party believes in good faith contain, describe, identify or refer to personal identifying information, information subject to any applicable data privacy statutes and regulations (e.g., the Health Insurance Portability and Accountability Act ("HIPAA") and similar statutes and regulations), or proprietary, trade secret or non-public financial information, shall be stamped "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" by the producing party and shall be subject to the provisions of this Stipulated Protective Order. If it comes to a party's attention that The Materials it designated for protection do not qualify for protection at all, the party must promptly notify all other parties that it is withdrawing the mistaken designation.

3.       Counsel for a party to this action may challenge the "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" designation made by the producing party of any of The Materials by notifying the producing party in writing of the challenge within thirty (30) days of receipt of The Materials, which notice must provide a list of each document challenged (by Bates number) and the reason for the challenge. Before seeking any relief from the Court challenging such a designation, the parties will make a good faith effort to resolve any disputes concerning such designation. Counsel for the producing party will have **fourteen** (**14**) business days after receipt of the written notice within which to respond, indicating for each item challenged whether the designation will be withdrawn or maintained. Failure to respond within such time frame will constitute a withdrawal of the designation as to any of The Materials challenged in the notice. For any of The Materials as to which the disagreement cannot be informally resolved, the challenging party may, within **thirty** (30) days after receipt of the designating party's written response, seek relief from the Court to change the designation or remove the challenged items from the protection of this Stipulated Protective Order. The

producing party will have the burden to show the challenged Materials warrants the designation they received. The challenged Materials shall remain subject to this Stipulated Protective Order as originally designated unless and until their status is changed by stipulation or court order.

4.      The Materials designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" shall be used for purposes of this action only and for no other action or purpose whatsoever and shall not, without leave of this Court, be disclosed to any person or entity other than:

(a)     *Court.* This Court and its chambers staff and personnel;

(b)     *Mediator.* Any Mediator, Master, or Referee involved with this action (who shall be informed of and agree to be bound by this Stipulated Protective Order prior to receipt of The Materials);

(c)     *Named parties and attorneys.* The named parties to this action and their counsel (each of whom shall have executed a copy of this Stipulated Protective Order prior to their receipt of The Materials);

(d)     *Experts and consultants.* Outside experts, consultants, and copy services retained in connection with this action, provided that they first shall be shown and shall read a copy of this Stipulated Protective Order, and each of whom shall have executed Exhibit A as set forth in Paragraph 5;

(e)     *Court reporters and videographers.* Court reporters, including stenographers and video technicians appearing at depositions, hearings, or trial (who shall agree to be bound by the terms of the Stipulated Protective Order);

(f)     *Witnesses and deponents.* Witnesses/deponents who testify at

12

depositions, hearings, or trials, who have agreed to be bound by the

terms of the Stipulated Protective Order as set forth in Paragraph 6; and

(g)     *Other persons*. Without the necessity of a Court order, any other person

whom the parties jointly agree may have access to the Materials.

5.      Review of Materials designated as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" by any person or entity identified in Paragraph 3 shall not waive the confidentiality of that information and shall not waive any objection to production of that information.

6.      The disclosure by counsel or co-counsel for a party to this action of The Materials to outside experts or other consultants or copy services retained by the disclosing counsel shall not constitute a violation of, or a waiver of the protections afforded by this Stipulated Protective Order so long as the person to whom disclosure is made has executed a Declaration in the form attached hereto as Exhibit A. A copy of each executed Declaration in the form attached hereto as Exhibit A shall be maintained by counsel for Plaintiff, Medtronic, or BD, respectively. Paralegals and clerical staff employed by the disclosing counsel's office shall not be required to execute a Declaration.

7.      In the event The Materials themselves, or the contents of The Materials designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" are to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity other than those persons or entities described in Paragraphs 3 and 5 above, the deponent shall be required to acknowledge on the record, before any identification, discussion or disclosure of The Materials occurs that he or she has been advised of and has agreed to be bound by the terms of this Stipulated Protective Order.

8.      After the taking of depositions wherein The Materials designated

"CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or the contents thereof are identified, discussed, or disclosed, any resulting deposition transcript shall be deemed subject to the terms of this Stipulated Protective Order. No later than thirty (30) days after the date of the deposition, Counsel for any given party may challenge the "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" designation of the transcript by notifying the designating party in writing of the challenge, which notice must provide a list of the testimony that party contends should not be deemed "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" (by page and line number) and the reason for the challenge.

9.     Any documents (including briefs), tangible things or information designated as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with Southern District of Florida Local Rule 5.4.

10.    In the event that counsel for a party wishes to identify, discuss, or disclose The Materials or the contents of The Materials designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" during the course of a pre-trial proceeding, he or she shall, prior to each identification, discussion, or disclosure make reference to the confidential nature thereof to the Court and to counsel for the party which produced The Materials; counsel for the producing party may at that time, or after such identification, discussion, or disclosure, request that The Materials or the contents of The Materials designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" be filed under seal with this Court in accordance with Southern District of Florida Local Rule 5.4 and be subject to the terms of this Stipulated Protective Order.

11.    In the event The Materials designated as "CONFIDENTIAL: SUBJECT TO

PROTECTIVE ORDER" or transcripts or other things wherein The Materials or the contents of The Materials designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" are identified, discussed, or disclosed, are filed or are otherwise deposited with the Clerk of this Court, the filing and/or depositing party agrees to move the Court for an order sealing The Materials designated as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or other things wherein The Materials or the contents of The Materials designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" are identified, discussed, or disclosed, in accordance with Southern District of Florida Local Rule 5.4, at the time of filing and/or deposit.

12.     In the event the Court denies a motion to seal The Materials designated as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or transcripts or other things wherein The Materials or the contents of The Materials designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" are identified, discussed, or disclosed, a producing party may nonetheless choose to file The Materials publicly. But in the event the Court denies a motion to seal any of The Materials designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or transcripts or other things wherein The Materials or the contents of The Materials designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" are identified, discussed, or disclosed, a receiving party must meet-and-confer with the producing party prior to filing The Materials publicly, and the parties must use their best efforts to limit disclosure of The Materials to that which is necessary to support the receiving party's claims and/or defenses.

13.     Counsel for a party shall not, in the presence of the jury, comment on the reasons or motivation for designating The Materials as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" without first having obtained permission of the Court to do so.

14.     This Stipulated Protective Order shall be binding throughout and after final adjudication of this action, including but not limited to, final adjudication of any appeals and petitions for extraordinary writs.

15.     Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Materials designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" (including copies and reproductions) must be either destroyed or returned to the producing party. Any attorney of record in this action who provides access to Materials designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" is responsible for the retrieval from any such expert, consultant, witness, or other person of all Materials designated as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," and the work product prepared by any such expert, consultant, witness, or other person derived from The Materials designated as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" shall be destroyed and/or returned to that attorney of record. Each party agrees to provide the other parties with a Declaration in the form attached hereto as Exhibit B within this time period.  Failure to provide the Declaration shall be deemed as a violation of the Court's order.

16.     The inadvertent, unintentional, or *in camera* disclosure of Materials designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" shall not be deemed a waiver, in whole or in part, of any party's claim of confidentiality.  Within fifteen (15) days of discovering such inadvertent or unintentional disclosure, any party to this Stipulated Protective Order may advise the other parties that such Materials are to be designated as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" under the terms of this Stipulated Protective Order.

17.     If any party who has received Materials designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" is asked to produce such information, by subpoena or

otherwise, for purposes of use in a separate legal action, the party receiving such a request shall promptly inform the producing party that such request has been received and shall object to such request on the basis of this Stipulated Protective Order.

## B.    PRIVILEGED MATERIALS

18.    This provision is being entered into to govern the inadvertent or unintentional disclosure of privileged or protected documents or materials (hereinafter the "Privileged Materials").

19.    The inadvertent or unintentional production or disclosure of any Privileged Materials protected by the attorney-client privilege, the attorney work-product doctrine, a joint defense privilege or any other applicable privilege, immunity or protective doctrine (collectively a "Privilege") shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of such Privilege. Further, failure to assert a claim of privilege and/or work product in this litigation as to documents or communications shall not constitute, or be considered a factor suggesting, a waiver or impairment of any claims of such privilege. In the event of inadvertent production or disclosure, the producing party may provide written notice that Privileged Materials have been inadvertently produced or disclosed. Within seven (7) days of receipt of such notice, or upon the recipient becoming aware that he or she has received Privileged Materials that were inadvertently produced, any person that has received such Privileged Materials shall return to the producing party all such Privileged Materials in his/her possession, together with and any copies made of them and any notes made from them, and shall make reasonable efforts to reclaim and return all such Privileged Materials. Any party may, within five (5) days after notification of inadvertent disclosure under this paragraph, object to the claim of inadvertence by notifying the designating or producing party in writing of that

objection and specifying the designated or produced material to which the objection is made. The parties shall confer within fifteen (15) days of service of any written objection. If the objection is not resolved, the designating party shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute. If a motion is filed, information subject to dispute shall be treated consistently with the designating or producing party's most recent designation until otherwise stipulated or ordered by the Court.

20.     Any party receiving materials that, on their face, appear to be covered by a Privilege, shall provide prompt notice of the disclosure to the producing party to afford the producing party the opportunity to designate the materials as inadvertently produced Privileged Materials subject to the claw-back provision in Paragraph 18.

21.     This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

22.     Nothing herein shall prevent any party from seeking further or greater protection from the Court with respect to the treatment of Privileged Materials in connection with this action, and nothing herein shall be construed to affect the evidentiary admissibility of any documents, testimony, information or other materials.

23.     Nothing in this Stipulated Protective Order shall be construed to preclude the producing party from seeking additional protection for The Materials or the contents of The Materials designated as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER."

24.     Notwithstanding the date upon which the Court entered this Stipulated Protective Order, this Stipulated Protective Order shall become effective and binding upon each of the parties to this action, and each of their undersigned counsel, on the date each party and each counsel execute same.

12

25.     Nothing in this Stipulated Protective Order shall be construed to prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment or decree of whatever description.

26.     Any non-party producing discovery material or giving deposition testimony in this action may avail herself, himself, or itself of the confidential treatment provided for in this Stipulated Protected Order for her, his, or its discovery material or testimony by following the procedures provided herein.

27.     This Stipulated Order is subject to the Court's further orders.

28.     Failure to comply with this Stipulated Protective Order shall be a basis for monetary sanctions or other appropriate relief.

29.     This Stipulated Protective Order may be executed in one or more counterparts in which case all executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with this Court.

30.     Each of the parties to this action and each of their undersigned counsel acknowledge that they have executed this Stipulated Protective Order voluntarily and that the terms and provisions of this Stipulated Protective Order have been read and understood by them.

**We hereby move and stipulate:**

February 18, 2021                                          Respectfully submitted,

*/s/ Karen B. Parker*                                      */s/ William P. Geraghty*

Karen B. Parker (Fla. Bar No. 054482)          William P. Geraghty (Fla. Bar No. 89508)
Email: kparker@kbparkerlaw.com                   Email: wgeraghty@shb.com
**KAREN B. PARKER, P.A.**                             Michael G. Polatsek (Fla. Bar No. 111703)
One Datran Center, Suite 514                        Email: mpolatsek@shb.com
9100 South Dadeland Boulevard                    **SHOOK, HARDY & BACON, LLP**
Miami, FL 33156                                          Citigroup Center
Telephone: (305) 400-9149                           201 South Biscayne Boulevard, Suite 3200
                                                             Miami, FL 33131
                                                             Telephone: (305) 358-5171

12

Ralph G. Patino (Fla. Bar No. 768881)
Alison E. Patino (Fla. Bar No. 1000389)
Email: service@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
113 Almeria Avenue
Coral Gables, FL 33134
Telephone: (305) 443-6163

  *Attorneys for Plaintiff*

Stephanie Laws (MN Bar No. 0396174)
(*pro hac vice*)
Email:  stephanie.laws@maslon.com
**MASLON LLP**
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
Telephone: (612) 672-8200

*Attorneys for Defendants Medtronic
MiniMed, Inc., MiniMed Distribution
Corp., and Medtronic USA, Inc.*

/s/ Sabrina R. Gallo
Sabrina R. Gallo (Fla. Bar No. 419273)
Email:  gallos@gtlaw.com
Kaley R. Jaslow (Fla. Bar No. 1018086)
Email: jaslowk@gtlaw.com
**GREENBERG TRAURIG, LLP**
333 SE 2nd Avenue, Suite 4400
Miami, FL 33131
Telephone: (305) 579-0500

*Attorneys for Defendant Becton,
Dickinson and Company*

    **DONE AND ORDERED** in open court in Miami, Florida this 8th day of March, 2021.

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**DECLARATION OF** _____

I,_____, declare as follows:

1.      My name is_____. I am over the age of 18 years and am a resident of__County,_____. I make this Declaration based upon my personal knowledge, and I am competent to testify to the matters stated herein.

*2.*      I am aware that a Stipulated Protective Order has been entered in *Abel Diaz, as the Personal Representative of the Estate of Guillermo Diaz Urquiza, Deceased, v. Medtronic MiniMed, Inc., et al.*, Case No. 1:21-cv-20061-KMM (S.D. Fla.).

3.      A copy of that Stipulated Protective Order has been shown to me, and I have read and understand its contents.

4.      By signing this Declaration, I promise that I will use the materials and contents of the materials designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" pursuant to the above-described Stipulated Protective Order for the purpose of assisting counsel for a party to the above-described civil action in the adjudication of that action and for no other purpose.

5.      By signing this Declaration, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use materials or the contents of materials designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" pursuant to the above-described Stipulated Protective Order with, to, or for any person or entity other than the Court, a party to the above-described civil action, counsel for a party to the

14

above- described civil action, including other counsel, paralegals, and clerical staff employed in his or her office, persons permitted by the above-described Stipulated Protective                                          Order                                          t attend depositions taken in the above-described civil action, and persons or entities assisting such counsel who have executed a declaration in the same form as this Declaration.

6.      By signing this Declaration, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means whatsoever, any materials or the contents of any materials designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" pursuant to the above- described Stipulated Protective Order except to the extent to which I am directed to do so by counsel for a party to the above-described civil action, in which case all such copies, transcriptions, or reproductions shall be made solely for my own use in connection with my work in the above matter. I further promise at the conclusion of this case to deliver upon request all materials (originals and copies) designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" to the counsel who originally directed that said materials be provided to me.

7.      I understand that, by signing this agreement, I am agreeing to subject myself to the jurisdiction of this Court.

8.      I understand that any use or distribution of the materials or contents of the materials designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" pursuant to the above-described Stipulated Protective Order in any manner contrary to the provisions of the Stipulated Protective Order will subject me, among other things, to

14

the summary sanctions of this Court for contempt.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____          _____
                                         Signature of Declarant

**EXHIBIT B**

**DECLARATION OF** _____

I, _____, declare as follows:

1.     My name is_____. I am over the age of 18 years and am a resident of __County,_____. I make this Declaration based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2.     I have requested and received from_____all of the materials, transcripts, and other things designated as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" as described in the Stipulated Protective Order which was entered by the Court in *Abel Diaz, as the Personal Representative of the Estate of Guillermo Diaz Urquiza, Deceased, v. Medtronic MiniMed, Inc., et al.*, Case No. 1:21-cv- 20061-KMM (S.D. Fla.).

3.     With the exception of court filings, I have either destroyed or have attached hereto all of the materials, transcripts, and other things designated as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER", including those materials which were returned to me by_in accordance with the preceding paragraph, described in the Stipulated Protective Order which was entered by the Court in *Abel Diaz, as the Personal Representative of the Estate of Guillermo Diaz Urquiza, Deceased, v. Medtronic MiniMed, Inc., et al.*, Case No. 1:21-cv-20061-KMM (S.D. Fla.).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____        _____

                                                              Signature of Declarant

16